THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SEAN BELL,

Plaintiff,

v.

LUOL DENG,

Defendant.

**COMPLAINT WITH JURY DEMAND**

Plaintiff Sean Bell ("Plaintiff"), by and through his undersigned attorneys, by way of Complaint against Defendant Luol Deng ("Deng") hereby alleges:

**INTRODUCTION**

1. In 2019, Plaintiff loaned $100,000 to Deng. The loan was reflected in a promissory note ("the Note") where Deng agreed to repay Plaintiff the principal plus interest on or before January 20, 2020. (Ex. A).

2. Deng defaulted on the Note and repaid neither the principal nor the interest due by January 20, 2020.

3. After Plaintiff was forced to retain legal counsel to pursue his remedies, Deng agreed to re-pay the principal, but requested additional time to pay the interest. The parties then agreed to a settlement agreement (the "Agreement") in which Deng expressly

admitted that he breached the Note, and that as a result of that breach, Plaintiff was owed over $160,000 in principle and interest. (Ex. B).

4. Deng thereafter repaid the Note's principal, but breached the Agreement by failing to pay any of the interest he owed when it was due on June 30, 2023.

5. As a direct and proximate result of Deng's breach, Bell is currently owed $81,162.37 in interest as of November 20, 2023.

6. In addition, Bell has incurred attorneys fees and costs as a direct result of Deng's breaches.

7. Section 7 of the Note entitles Bell to recover any fees and costs incurred in holding Deng accountable for breaches of the contract. (Ex. A).

## THE PARTIES

8. Plaintiff Sean Bell is an individual who is domiciled in California.

9. Defendant Luol Deng is a retired professional basketball player who played in the National Basketball Association for fifteen years, and who, upon information and belief, is an individual domiciled in Florida.

## JURISDICTION AND VENUE

10. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because there is a complete diversity of jurisdiction between the parties and because the amount in controversy exceeds $75,000.

11. This Court has personal jurisdiction over Deng because he is a citizen of Florida who resides in the greater Miami-Dade area. In addition, under Section 18 of the Note, Deng expressly consented to being sued in state or federal court in Miami-Dade County, Florida.

12. Venue is also proper in the Southern District of Florida because Deng resides, and is subject to personal jurisdiction, in the Southern District of Florida. In addition, the events and omissions giving rise to Plaintiff's claims occurred in Florida.

## CLAIM FOR RELIEF

## BREACH OF CONTRACT

13. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 to 12 above.

14. Bell and Deng are parties to two valid written contracts—the Note and the Agreement.

15. At all relevant times set forth herein, Bell performed his obligations under the Note and the Agreement.

16. Nevertheless, Deng committed a material breach of the Note by failing to repay Bell under the terms of the Note by the Note's maturity date.

17. Then, Deng committed a material breached of the Agreement by failing to pay the interest that Bell was owed on or before June 30, 2023.

18. As a result of Deng's breaches, Bell has suffered more than $75,000 in damages, fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

1. Money damages, including compensatory damages in an amount to be determined at trial;

2. Attorney's fees;

3. Costs of this action; and

4. Such other relief as the court deems just and proper.

Dated: November 28, 2023

By: S/ Samuel A. Stern

SAMUEL A. STERN (FLA. BAR # 51602)
ROBERT FERGUSON (FLA. BAR # 1024071)
STERN, KILCULLEN, AND RUFOLO LLC
7108 FAIRWAY DRIVE
SUITE 123
PALM BEACH GARDENS, FL 33418
TELEPHONE: (973) 535-1900
SSTERN@SGKLAW.COM
RFERGUSON@SGKLAW.COM

Stephen F. Raiola
*Pro Hac Vice Forthcoming*
KIBLER FOWLER & CAVE LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Telephone: (917) 909-6350
Facsimile: (917) 909-6357
sraiola@kfc.law

*Attorneys for Plaintiff Sean Bell*

# EXHIBIT A

# PROMISSORY NOTE

**$100,000.00 USD** **Date: September 20, 2019**

**FOR VALUE RECEIVED**, the undersigned, David Gross and Luol Deng, (collectively "Maker"), promise to pay Sean Bell ("Holder"), the principal sum of **One Hundred Thousand and 00/100 US Dollars ($100,000.00)** together with interest thereon as set forth in this Promissory Note (the "Note"), pursuant to the following terms of Note.

1. **Maturity.** The unpaid principal amount of this Note plus any and all unpaid interest accrued hereon shall be due and payable January 20, 2020 (the "Maturity Date") or as otherwise set forth herein in lawful money of the United States of America and in immediately available funds. All payments hereunder shall be made at Holder's address set forth in the notice provision hereof or as otherwise may be designated by Holder in writing in accordance with the notice provision. Holder may unilaterally extend the Maturity Date at its sole discretion without affecting any other terms set forth herein.

2. **Interest.** From the date hereof until the Maturity Date, the outstanding amounts due under this Note shall accrue interest at a fixed rate of thirteen percent (13%) per annum until the Maturity Date. Interest shall be computed and compounded monthly, on the basis of a 360 day year consisting of 12 months of 30 days each, including the date hereof and excluding the date this Note or any portion thereof is paid or prepaid. Accrued and unpaid interest shall be paid as set forth in Section 3 below. All payments hereunder shall be made at Holder's address set forth in the notice provision hereof or as otherwise may be designated by Holder in writing in accordance with the notice provision.

3. **Payments.** The unpaid principal amount and all accrued interest shall be due on the Maturity Date. Maker shall provide a payoff bonus to Holder and pay $113,000 to Holder on the Maturity Date, inclusive of interest. If this Note is not paid in full as of the Maturity Date, interest shall continue to accrue hereon. Any payments hereunder that otherwise would be due on a day that is not a business day shall be due, without premium or penalty, on the next business day thereafter.

4. **Right of Prepayment.** Maker shall have the right to prepay (in whole or in part) the Note at any time prior to the Maturity Date.

5. **Guaranty**. Maker hereby unconditionally and irrevocably, guaranties the punctual payment, as and when due and payable, by stated maturity or otherwise, and performance, of all obligations owing pursuant to this Note, including, without limitation, all fees, costs, expenses, indemnifications and all other amounts due or to become due under the this Note. This guaranty is a continuing guaranty and shall remain in full force and effect until the indefeasible cash payment in full of all amounts payable under this Note.

6. **Waiver.** Maker, any endorsers, sureties, guarantors and all others who are, or may become, liable for the payment hereof severally: (a) waive presentment for payment, demand, notice of demand, notice of non-payment or dishonor, protest and notice of protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this Note, (b) consent to all extensions of time, renewals, postponements of time of payment of this Note or other modifications hereof from time to time prior to or after the maturity date hereof, whether by acceleration or in due course, without notice, consent or consideration to any of the foregoing, (c) agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable hereon, (d) agree that Holder shall not first be required to institute any suit, or to exhaust its remedies against Maker or any other person or party to become liable hereunder in order to enforce payment of this Note, and (e) agree that, notwithstanding the occurrence of any of the foregoing (except by the express written release by Holder of any such person), Maker shall be and remain directly and primarily liable for all sums due under this Note. The obligation to make payments to Holder hereunder is absolute and unconditional, and the rights of Holder shall not be subject to any defense, set-off, counterclaim or recoupment which Maker may have against Holder or by reason of any indebtedness or liability at any time owing by Holder to Maker.

7. **Costs, Indemnities and Expenses.** Maker agrees to pay all reasonable fees and costs incurred by Holder in preparing, collecting on or securing or attempting to collect on or secure this Note, including reasonable attorneys' fees, costs and expenses, whether or not involving litigation, collecting upon any judgments and/or appellate or bankruptcy proceedings.

8. **Documentary Stamp Taxes.** Maker agrees to pay any documentary stamp taxes, intangible taxes or other taxes which may now or hereafter apply to this Note or any payment made in respect of this Note, and Maker agrees to indemnify and hold Holder harmless from and against any liability, costs, attorneys' fees and costs, penalties, interest or expenses relating to any such taxes, as and when the same may be incurred.

9. **Event of Default.** An "Event of Default" shall be deemed to have occurred upon the occurrence of any of the following:

(i) Maker should fail for any reason or for no reason to make any payment owed in respect of this Note within forty five (45) days of the date the same shall become due and payable (whether the Maturity Date or by acceleration or otherwise;

(ii) Maker fails to satisfy any other obligation or requirement of Maker under this Note, or

(iii) upon the commencement of any proceedings under any bankruptcy laws of the United States of America or under any insolvency, reorganization, receivership, readjustment of debt, dissolution, liquidation or any similar law or statute of any jurisdiction now or hereinafter in effect (whether in law or at equity) is filed by or against Maker or for all or any part of its property.

10. **Remedies.** In the event of an Event of Default, interest shall accrue on the outstanding amounts due hereunder until all such Events of Defaults have been cured at the highest rate permissible by law. The failure of Holder to exercise any right or remedy under this Note or

otherwise, or delay in exercising such right or remedy, shall not operate as a waiver thereof. No remedy conferred under this Section 10 upon Holder is intended to be exclusive of any other remedy available to Holder, pursuant to the terms of this Note or otherwise.

11. **Maximum Interest Rate.** In the event that the interest provisions of this Note shall result at any time or for any reason in an effective rate of interest that exceeds the maximum interest rate permitted by applicable law (if any), then without further agreement or notice the obligation to be fulfilled shall be automatically reduced to such limit and all sums received by Holder in excess of those lawfully collectible as interest shall be applied against the principal of this Note immediately upon Holder's receipt thereof, with the same force and effect as though Maker had specifically designated such extra sums to be so applied to principal and Holder had agreed to accept such extra payment(s) as a premium-free prepayment or prepayments.

12. **Severability; Amendment and Waiver.** If any provision of this Note is, for any reason, invalid or unenforceable, the remaining provisions of this Note will nevertheless be valid and enforceable and will remain in full force and effect. Any provision of this Note that is held invalid or unenforceable by a court of competent jurisdiction will be deemed modified to the extent necessary to make it valid and enforceable and as so modified will remain in full force and effect. This Note may be amended, or any provision of this Note may be waived, provided that any such amendment or waiver will be binding on a party hereto only if such amendment or waiver is set forth in a writing executed by the parties hereto. The waiver by any such party hereto of a breach of any provision of this Note shall not operate or be construed as a waiver of any other breach.

13. **Successors.** Except as otherwise provided herein, this Note shall bind and inure to the benefit of and be enforceable by the parties hereto and their permitted successors and assigns.

14. **Assignment.** This Note shall not be directly or indirectly assignable or delegable by Maker. Holder may freely assign this Note.

15. **No Strict Construction.** The language used in this Note will be deemed to be the language chosen by the parties hereto to express their mutual intent, and no rule of strict construction will be applied against any party.

16. **Further Assurances.** Maker will execute all documents and take such other actions as Holder may reasonably request in order to consummate the transactions provided for herein and to accomplish the purposes of this Note. Maker represents and warrants that it has full authority to execute this Note and incur the indebtedness herein.

17. **Notices, Consents.** Any notices, consents, waivers or other communications required or permitted to be given under the terms hereof must be in writing and will be deemed to have been delivered: (i) upon receipt, when delivered personally; (ii) upon receipt, when sent by email (provided confirmation of transmission is mechanically or electronically generated and kept on file by the sending party); or (iii) one (1) business day after deposit with a nationally recognized overnight delivery service, in each case properly addressed to the party to receive the same. The addresses and facsimile numbers for such communications shall be:

If to Holder: Sean Bell

Email: [____________]

If to Maker: David Gross
david@greysongross.com

Luol Deng
Luoldeng9(@gmail.com

With a copy to: Jonathan Clark, Esq.

Email: jkclark@jkclarklaw.com

or at such other address and/or facsimile number and/or to the attention of such other person as the recipient party has specified by written notice given to each other party three (3) business days prior to the effectiveness of such change. Written confirmation of receipt (A) given by the recipient of such notice, consent, waiver or other communication, (B) mechanically or electronically generated by the sender's facsimile machine or electronic mail containing the time, date, recipient facsimile number and an image of the first page of such transmission or (C) provided by a nationally recognized overnight delivery service, shall be rebuttable evidence of personal service, receipt by facsimile or receipt from a nationally recognized overnight delivery service in accordance with clause (i), (ii) or (iii) above, respectively.

18. **Governing Law.** All questions concerning the construction, validity, enforcement and interpretation of this Note shall be governed by the internal laws of the State of Florida (without giving effect to any choice of law or conflict of law provision or rule) and federal law, in the event that federal law permits a higher interest rate than the State of Florida. Any dispute, controversy, claim or civil action based upon, arising out of, or in any manner connected with this Note, its breach, or any of the transactions contemplated by this Note shall be commenced in and determined by the courts of proper subject matter jurisdiction located in Miami-Dade County, Florida. The undersigned (a) irrevocably and unconditionally consents and submits to the in personam jurisdiction of such courts in any such action, (b) consents to service of process in accordance with the rules governing proceedings in any such court, and (c) irrevocably waives

and covenants not to assert any objection to the laying of venue in any such court in any such action.

19. **Third Parties.** Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person or entity, other than the parties to this Note and their respective permitted successor and assigns, any rights or remedies under or by reason of this Note.

20. **Joint and Several**. If Maker consists of more than one person, their liability shall be joint and several, and the compromise of any claim with, or the release of, any Maker shall not constitute a compromise with, or a release of, any other Maker.

21. **WAIVER OF TRIAL BY JURY.** MAKER HEREBY KNOWINGLY, IRREVOCABLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT HE MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM BASED ON THIS NOTE, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY DOCUMENT EXECUTED IN CONNECTION HEREWITH OR RELATED HERETO, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF HOLDER OR MAKER OR TO ANY LOAN DOCUMENT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR HOLDER TO LOAN FUNDS TO MAKER IN CONNECTION WITH THIS NOTE.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, this Note is executed by Maker as of the date hereof.

**MAKER:**

______________________________
David Gross

______________________________
Luol Deng

# EXHIBIT B

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made by Sean Bell, David Gross, and Luol Deng (collectively, the "parties") on December 1, 2022. The parties agree that the circumstances of this settlement are as follows:

1. Sean Bell loaned David Gross and Luol Deng $100,000 on September 20, 2019, in exchange for a promissory note (the "Promissory Note") in which Deng and Gross both contractually agreed to repay Sean Bell $113,000 plus interest by January 20, 2020;

2. In violation of the terms of the Promissory Note, David Gross and Luol Deng failed to make any payment under the Promissory Note prior to its maturity date;

3. As of the date of this Settlement Agreement, the amount due to Sean Bell under the terms of the Promissory Note, including all principal, interest, and bonus is $161,824;

4. Sean Bell made a formal demand for payment of the total amount owed pursuant to the Promissory Note;

5. In response to the demand for payment, David Gross and Luol Deng admit their obligation to repay the amount due and wish to enter into this Settlement Agreement to avoid the expense and burden of any potential litigation.

THEREFORE, in consideration of the mutual promises, releases, and covenants contained in this Settlement Agreement, the parties agree as follows:

A. On December 1, 2022, David Gross and Luol Deng will make a payment to the trust account of Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP in the amount of $100,000. The trust account information is attached as Exhibit A.

B. On or before June 30, 2023, David Gross and Luol Deng will wire $61,824 to the trust account referenced in Exhibit A.

C. On the condition that the payments contemplated in Paragraphs A and B are paid and the funds cleared, Sean Bell will not assert any claims in any court, tribunal, or other proceeding of any kind against David Gross or Luol Deng, nor their successors, assigns, parents, affiliates, subsidiaries, employees, and agents (collectively, the "Releasees") for breach of the obligations and promises of repayment contained in the Promissory Note.

D. Nothing in this Settlement Agreement shall be deemed or construed as an admission by Sean Bell of wrongdoing of any kind, or of any fact with respect to any claim. Likewise, nothing in this agreement shall prejudice the rights and remedies available to Sean Bell pursuant to the Promissory Note.

E. This Settlement Agreement contains the complete agreement of the parties and shall not be modified except in writing executed by all parties.

[SIGNATURES ON FOLLOWING PAGE]

Sean Bell

Dated: 12/1/22

/s/ ____________________

David Gross

Dated: 12/1/22

/s/ ____________________

Luol Deng

Dated: 12/1/22

/s/ ____________________

**Exhibit A**

Bank Name: PNC Bank National Association

Bank Address: PO Box 535230

Pittsburgh PA 15253-5230

Account Name: Pietragallo Gordon Alfano Bosick & Raspanti, LLP

301 Grant Street, Suite 3800

Pittsburgh PA 15219

Tax ID: [redacted]

**IOLTA**

Account Number: [redacted]

Routing Number: [redacted]